*267 OPINION of the Court, by
Judge Bibb.
— Buckler produced a notice, bearing date on the 15th of January 1807, to Mars as sheriff and several others as his securities, of an intended motion against them on the first day of the ensuing term of the Logan circuit court, for judgment for the sum of 365 dollars IS cents, the amount of an execution made by M’Grady, his deputy, on a suit wherein said Buckler was plaintiff, and Archibald M’Reynolds and Samuel D. M’Reynoids were defendants, which sum had not been paid over by the deputy according to law, and that the motion would also be for interest, damages and costs.
The notice was acknowledged by Mars and More-head, and on an after day of the term, the motion being made, by consent nunc protunc, a judgment was rendered against said sheriff and Morehead his security, for 225 dollars S3 1-3 cents, with 15 per centum per an-num interest thereon, from the 28th of February 1806, until paid, and costs.
To this opinion a bill of exceptions was taken, stating the evidence on which it was rendered : and this writ of error with supersedeas has been prosecuted by ihe sheriff and his security.
The first and third assignments of error, assume facts which are contradicted by the record.
The fourth assignment presents two propositions, the one, that the notice was too general and uncertain, the other, that the court erred in their judgment on the motion, because the notice was for 365 dollars 18 cents, *268 without stating how the plaintiff in the motion was ett« titled to that sum. We conceive the notice sufficiently certain to a common intent, to apprise the sheriff of the demand intended to be set up against him. The notice states that the motion is for money made, and not paid over by his deputy by name, and recites the execution by the names of plaintiff and defendant. By resorting to that deputy, the principal could have been informed of such farther particulars as might be necessary to his defence. If the intended motion to the Logan circuit court, was not sufficient to apprise him that the execution issued from that court, yet the names of the parties to the execution which had been in the hands of his de-Putyi vvas sufficient to supply that omission. If the execution had not issued from Logan circuit court, that ajone -would have been a complete defence against the motion. When the parties were brought into court by the notice, the plaintiff might have had judgment for so much as he could shew himself entitled, not exceeding t-he demand made. In this respect the remedy by notice is not to be governed by the old rigid notions respecting act]on 0£ debt, but according to the action on the , , , . . u . - , case, and the plaintiff may recover any amount, provided it comes legally within the scope of his notice.
The ftatnte does not give the remedy b_v the 'sicur^h^of the principal ftenff, for mo-siey collected on execution.
The remedy fcy motion for monies coilec-ted on execution by the be sued within the time limi. othewhe^The pi,¡ntiff roust pursue the common jaw point,Query vs. Hard, sj.i,,. J ’'Sop.
'jidie only remaining assignment is, that the court err , . . % , a , , , , red m giving judgment against the sheriff, because the plaintiff in the motion was not a resident of Logan coun-and had no agent therein, to whom the sheriff could PaY the money. As the bill of exceptions shews that the plaintiff in the motion was not a resident of the state, ^ burthen of proving that he had a known agent in the county, or had made a demand, as required bv the statute, upon the sheriff, either by himself or by some one having a written order from him, was thrown on the mover. The bill of exceptions contains the reasons of the court upon that subject, which is in fact a statement of the evidence. By this it appears, that the attorney at law who conducted the original suit, did no,t live in the county, but only practised in the court; that the attorney who made the motion, had no written authority from Buckler ; but it does not appear that either of those had made a demand, or that the verbal authority given him by Buckler had ever been made known to the sheriff or his deputy, The only part of the evi« *269 dence which bears upon the question is, that the plaintiff and the deputy were seen together in Logan, after-W part of the money” was collected on the execution by. the said deputy, “ who it appeared had the plaintiff’s execution in his hands, and had collected 225 dollars 33 1-3 cents of the money.” If it had appeared clearly that the said Buckler and the deputy had been seen, together in the county, after the return day of the execution on which the money had been collected by the deputy; the court might have intended a demand to have been made. Before the return day, the sheriff was not bound to pay, and a demand before that time would have been illegal, and not sufficient to subject the sheriff to the consequences of the motion. But the time at which they were thus seen together is not stated. As to what the said Buckler was heard to say, it was no evidence against the sheriff, It does not appear from the testimony or reasons assigned by the court, that the plaintiff in the motion and the deputy vvere together, even alter the whole of the 225 dollars 33 1-3 cents had been collected. But whether it was after a part thereof only, or whether before or after the return day of the execution, is left to conjecture. The statement seems rather to countenance the idea, that it was whilst the deputy had the execution in his hands. The court therefore in assigning their reasons for sustaining the motion, have left too great a chasm to be filled by implication ; especially when that implication was to subject the sheriff to an interest of 15 per cent. The judgment was therefore erroneous. This court would perhaps have directed another trial of the motion before the circuit court, but for two reasons : 1st. the law in such case provided, has not given the remedy by motion against the securities or security of the principal sheriff, but against the said sheriff only : 2dly, the motion for not paying money collected on an execution, is required to be made “ to the next succeeding court from whence such writ shall issue.” In both these respects, the motion in this case was irregular. The plaintiff in the motion having let slip the time for suing in this summary, cumulative remedy, must be left to his action, against the sheriff, or the sheriff and his securities, at common law. As the law has subjected the sheriff to a high rate of interest by way of penalty, lor *270 not paying over money collected on an execution, so ⅛ has the summary remedy in which that penalty is to be recovered, to the court next succeeding the cans⅛. of action. — — Judgment reversed.